PER CURIAM.
The plaintiff in an automobile negligence action has appealed from a final judgment entered by the Circuit Court for Duval County, based upon a jury verdict for the defendant on her complaint and a verdict for the plaintiff on the defendant’s counterclaim.
The principal question presented for our determination in this appeal is whether the court committed reversible error in refusing to give to the jury two instructions requested by the plaintiff concerning certain speed statutes of the State of Florida.
The accident occurred on Phillips Highway (U.S.l) in Duval County. It is a four-lane divided highway which was described by witness Boatwright, a Florida Highway Patrol trooper, as an ‘‘open highway” having a speed limit of 70 miles per hour. The defendant-appellee admitted that his car was traveling south 60 to 65 miles per hour prior to impact. The evidence reflects that several miles north of the scene of the accident there is a posted 55-mile-per-hour speed zone, but this zone ended with a sign notifying motorists to “Resume Safe Speed.” That sign was three and a half miles north of the point of impact. The next sign reducing the speed limit was two miles south of the point of impact. There is also evidence that in the area there are a number of businesses and residences.
The plaintiff’s two requested instructions, which were denied, would have advised the jury that violation of the following statutory speed limit was prima facie evidence of negligence:
“Section 317.221 Unlawful Speed
“(2) (a) The maximum speed limit for motor vehicles on the highways except those a part of the national system of interstate and defense highways, shall be:
“1. Thirty miles per hour in business or residence districts.”
and
“Section 317.011 Definitions
“(4) Business district. The territory contiguous to, and including, a highway when fifty per cent or more of the frontage thereon, for a distance of three hundred feet or more, is occupied by buildings in use for business.
“(39) Residence district. The territory contiguous to, and including, a highway not comprising a business district when the property on such highway, for a distance of three hundred feet or more, is in the main improved with residences or residences and buildings in use for business.”
Although general speed limits have been fixed by Section 317.221, the legislature *334 granted authority to municipalities, boards of county commissioners and the State Road Department to vary these statutory speed limits by posting appropriate signs giving notice of the change on roads over which each such agency exercises authority. Sections 317.233 and 317.241, Florida Statutes.
Here we are concerned with U.S. 1, an arterial highway consisting of two southbound lanes and two northbound lanes separated by a median strip and marked by posted speed signs. The legislature has clearly delegated to the State Road Department the primary responsibility of establishing maximum speed limits for the guidance of motorists, and where posted, a motorist is entitled to rely upon same. The statute fixing speed limits for business and residential areas is clearly a catchall provision operative only in the absence of posted speed signs. To hold that a motorist must ignore the signs, keep a constant lookout on each side of this wide highway in order to ascertain whether he is traveling in a residential or business area, and if he determines this to be the case, slow down to a speed of 30 miles per hour and “watch the Fords go by,” would be contrary to the statutory directive and to accepted rules of the road.
The trial court was correct in refusing to instruct the jury as contended by appellant. The judgment is
Affirmed.
RAWLS and JOHNSON, JJ., concur.
CARROLL, DONALD K., Acting C. J., dissents.