JOHNSON, Chief Judge.
This is an appeal from a judgment based upon a jury verdict in favor of the defendants below.
The appellant contends error on the part of the trial court on several grounds, referred to hereinafter.
The first point raised by the appellant is failure of the trial court to grant plaintiff’s motion for directed verdict as to the issue of liability. Admittedly, the evidence in this case is lacking in many respects from which a jury could intelligently render a true decision as to negligence. No one seems to have seen the automobile of the appellee-defendants, until the point of impact with the decedent’s bicycle. The fact that the witnesses did not remember seeing the automobile before the impact or when it passed the intersection of Carlisle Road and Prince Edward Drive, may raise a question of credibility as to such testimony, but the burden of proof being upon the plaintiff, the fact that the jury answered this question adversely to the plaintiff, cannot now be complained of by the plaintiff. The trial court apparently considered it of sufficient conflict as to raise and have it as a jury question. We must agree with the trial court on this point.
The reasons set forth in the preceding paragraph hereof is applicable to and we believe disposes of the second point raised by appellant.
As to point three of appellant, we cannot disagree with the charges to the jury as given on that point. This charge does not do violence to the facts of this particular case.
As to point four, failure of the court to give an instruction on the point that a person cannot avoid legal responsibility by merely failing to see that which to a reasonable and prudent person would be plain and obvious, this point gives us the most trouble in reaching our conclusion herein. The testimony shows that the deceased boy on his bicycle had traveled from Prince Edward Drive south onto Carlisle Road and had gone about one or two car lengths down said road when he was seen pushing himself off the front fender of appellees’ automobile. This was just prior to the fatal fall of the boy. The defendant driver of the appellees’ automobile testified that she never saw the boy on the bicycle until after the accident and she stopped her car and got out and went around to the back of her car, a station-wagon. She admits hearing a noise against the right front side of her car, at a point about at the hinge on the front door and then a bump shortly thereafter. We can understand readily enough that if the boy and the bicycle were not in front of appel-lee driver that she could not have seen them because they were not there. But it is difficult for us to understand how she could have failed to see the boy on the bicycle when he was hitting the front fender of her car, unless she was preoccupied in looking to her left for oncoming traffic or other obstacles to her making a left turn into the school house drive. If this is the reason she did not see the boy at the time of the first impact, it is very reasonable to deduce that she did not see the boy prior thereto for the same reason. This testimony of the appellee, coupled with the testimony of the other witnesses as to when they first saw appellee’s car, and, that being when they saw the deceased boy trying to push off from the car, creates a very delicate balance in the evidence. This balance could very easily be tilted either way by the instructions to the jury, or failure to give instructions, as contended for by the appellant.
Under more weighted or decisive evidence the giving or not giving of a certain instruction might not be error or if error, a harmless one. But with the delicate balance as appears in this case, we are of the opinion that the failure of the court to instruct the jury on the fact that a mere failure to see that which to a reasonable and *37 prudent person would be plain and obvious, would not relieve such person of legal responsibility for resulting consequences, became a very material instruction and should have been given.
For the reason stated in the last preceding paragraph, we also feel, and so hold, that under the facts in this case, with the appellee driver of the involved automobile being fully aware of this school approach and the age of children attending this school, we think the trial court should not have stricken from its instruction to the jury the language “the unpredictable and erratic behavior” of children. We are of the opinion that an instruction on negligence generally was insufficient in view of the testimony of the driver that she didn’t see, although she was looking, and heard a noise. She did not stop when she heard the noise and did not see that which it appears from the testimony of others she should have seen, that is, the boy on the bicycle trying to push himself away from her car at or about a spot even with the windshield of the car. Where was the driver looking at that time? Why didn’t she immediately stop with the first bump or noise against her car, in a congested and known school zone, almost at the entrance to the school ? We admit that these are jury questions and therefore properly presented to the jury by the trial court in denying the motions for directed verdicts by both parties, but, again, we reiterate, because of this set of facts, we think and so hold, that the charge as requested by the plaintiff should have been given without the deletion of the above quoted words. Standard Jury Instruction Number 4.12 contained the stricken words and we think should have been given in this case because of the peculiar set of facts adduced at the trial.
We are not unaware of the controlling general law of this state to the effect that where there is conflicting evidence before a jury and sufficient competent evidence to support a verdict that the reviewing court will not substitute its judgment for that of the jury.
In this case, however, we are not substituting our judgment for that of the jury; we are of the opinion that the failure of the court to give the instructions mentioned supra, could have, under the set of facts herein found, had a material effect on the jury’s decision. Therefore we are of the opinion, and so hold, that the verdict and judgment should be set aside and a new trial granted where the jury may again determine the issues of fact under the proper instruction by the trial court as suggested supra.
Reversed and remanded for a new trial.
SPECTOR, J., concurs.
RAWLS, J., dissents.