WALDEN, Judge
(dissenting):
A citizen caught up in a net of circumstances such as here reflected would be understandably and justifiably bewildered. It is undoubtedly the principle and not the trifling punishment that has caused Mrs. Melton to go to the extreme of asking this court by certiorari to review her conviction of a traffic offense and resulting fine of $30.00. And certainly it is this court’s bounden duty to be sensitive and responsive to this plaint. This is particularly true since, as so often stated, the most common exposure of the citizenry to the court system is gained at the traffic court level. It is here that most opinions as to the adequacy and fairness of the judicial process and judicial branch of government are formed.
Mrs. Melton was found guilty of driving her vehicle at a speed of 28 miles per hour in a 15 miles per hour school zone. And if this were all there was, there would be no difficulty, as all would quickly agree that it is a serious matter to endanger school children by disregarding speed limits in school zones. However, there is more. The uncontradicted facts reflect that the zone was properly posted at 15 miles per hour, with a sign designating the beginning and then the end of such zone. However, at about the midline of such posted zone there was a common speed designation sign indicating the speed limit to be 30 miles per hour. Thus, in order, a motorist would encounter a sign indicating 15 miles per hour, then a sign designating a speed limit of 30 miles per hour and, finally, a sign notifying the motorist of the end of the school speed zone. It appears that Mrs. Melton, while in the speed zone and relying on the posted speed limit of 30 miles per hour, was travelling at the rate of 28 miles per hour. It appears and does not seem to be disputed that Mrs. Melton traversed the greater part of the school zone and then encountered the posted speed zone limit of 30 miles per hour and in compliance with it accelerated to the speed of 28 miles per hour. She was clocked at this speed at or in the immediate area of this sign.
It is my opinion that the juxtaposition of these posted signs was of such nature as to mislead and trap the unwary motorist. See *405 Dupuy v. State, Fla.App.1962, 141 So.2d 825. Further, a motorist has a right to rely on the accuracy and correctness of posted speed signs. Brown v. Felts, Fla.App.1969, 224 So.2d 332.
In my opinion these facts clearly mandate an acquittal and discharge of Mrs. Melton as concerns this speeding offense. It seems unlikely such ruling would imperil the school children in the future or set any dangerous precedent. This is true because it is within the power, and I think it would be the duty, of those in governmental authority to remove or correct the confusing and contradictory sign sequence so that there could be no repetition of this offense.
For the above reasons I respectfully record my dissent.