327 So.2d 905 (1976)
Richard Lee MENARD and John W. Menard, Appellants,
v.
John Phillip O'MALLEY, Etc., et al., Appellees.
No. 75-165.
District Court of Appeal of Florida, Third District.
February 10, 1976.
Rehearing Denied March 3, 1976.
*906 Horton, Perse & Ginsberg, Miami, Nance & Cacciatore, Melbourne, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The plaintiff, who is the appellant here, was struck by defendant's truck when, as a pedestrian, he attempted to cross U.S. 1 in Monroe County. The cause was tried before a jury and the defendant received a verdict and judgment. The single question presented on appeal is whether the court erred in refusing to give one or more of defendant's requested instructions. We hold that reversible error has been demonstrated because of the court's refusal to instruct on a statute limiting the width of automobiles operated on the highways. This is so because the violation of the statute is evidence of negligence and the issue of the excessive width of defendant's truck was presented by the evidence.
*907 It is true that an appellate court will not set aside a verdict, where it is conformable to the law and the facts, merely because the trial court refused to give instructions that might properly be given. Maistrosky v. Harvey, Fla.App. 1961, 133 So.2d 103. See also Crosby v. Stubblebine, Fla.App. 1962, 142 So.2d 358, and Gavin v. Headley, Fla.App. 1973, 272 So.2d 843. Nevertheless, it must be recognized that a party is entitled to have the jury instructed upon his theory of the case when the evidence viewed in a light favorable thereto substantially supports the theory, even though it may be subsequently controverted by evidence of the opposing party. See Williams v. Sauls, 1942, 151 Fla. 270, 9 So.2d 369; Luster v. Moore, Fla. 1955, 78 So.2d 87; Hattaway v. Florida Power & Light Company, Fla.App. 1961, 133 So.2d 101, and Sea Ledge Properties, Inc. v. Dodge, Fla.App. 1973, 283 So.2d 55.
We have reviewed all the evidence and while space and time do not permit what might be a useful discussion of the evidence, we find that the following facts appear: (1) Plaintiff was standing near the center line of the highway[1]; (2) he was struck by the side-view mirror of defendant's truck and was thrown into the extending bed of the truck; (3) Fla. Stat. § 316.196 provides, "Maximum width, height, length[2] (1) The total outside width of any vehicle or the load thereon shall not exceed ninety-six inches ...;" (4) the cab of the truck was 7 feet wide and the mirror on the truck extended out about 20 to 25 inches from the cab; and (5) plaintiff requested, in writing, an instruction on the statute. An instruction that violation of a statute is evidence of negligence was requested and denied. Under these circumstances revealed by the record, the refusal of plaintiff's requested instructions is reversible error. See de Jesus v. Seaboard Coast Line Railroad Company, Fla. 1973, 281 So.2d 198, and Florida East Coast Railway Company v. Pollack, Fla.App. 1963, 154 So.2d 346.
Having determined that reversible error appears, it is not necessary to discuss plaintiff's remaining points on appeal; but, because the case must be tried again, we have examined plaintiff's requested instructions, the denial of which were assigned as error. We agree that the denial of the instruction based on Fla. Stat. § 316.030, "Careless driving," was not error. In a like manner, we agree with the court's denial of an instruction on Fla. Stat. § 316.183, "Unlawful speed" was not error. We think that the denial of the instruction on Fla. Stat. § 316.185, "Special hazards," was error under the circumstances presented by the evidence.
Reversed and remanded.
NOTES
[1] There is testimony from one witness that plaintiff stepped backwards just before he was hit, but this is clearly a matter in defense of defendant's claimed negligence and cannot affect the necessity for an instruction upon the claimed negligence.
[2] At oral argument, it was suggested that the statute to which plaintiff made reference did not exist under that number at the time of the accident. Reference to the statute shows that the prior number of the section was § 317.761. This fact does not affect the validity of the request for instruction unless it can be shown that the trial judge was misled by plaintiff's request.