BASKIN, Judge.
Because we find that issues concerning negligence of both the driver, who backed into pedestrian Lopez without seeing her, and of appellee Lopez, who was mailing a letter in a mailbox on the sidewalk near a parking area when she was struck by appellant’s car, should have been submitted to the jury, we reverse the Final Judgment and Supplemental Final Judgment entered after the trial court directed a verdict in favor of appellee on the issue of liability. Although testimony indicates that the driver failed to see thé pedestrian, inferences drawn from the evidence raise questions regarding the driver’s obligation to have been aware of the pedestrian and of the pedestrian’s comparative negligence. Bilams v. Metropolitan Transit Authority, 371 So.2d 693 (Fla. 3d DCA 1979); see Spackman v. Laumer, 237 So.2d 35 (Fla. 1st DCA), cert. denied, 239 So.2d 830 (Fla. 1970).
Because it is the traditional function of a jury to determine disputed issues of fact, the power to direct a verdict should be sparingly and cautiously exercised. If any reasonable theory of the evidence, including any lawful inferences that may be drawn therefrom, would have justified a verdict for the plaintiff, it was the duty of the court to submit such problem to the jury for its determination. See Katz v. Bear, Fla. 1951, 52 So.2d 903. Also see Hilkmeyer v. Latin American Air Cargo Expediters, Fla. 1957, 94 So.2d 821.
Good v. Ozer, 100 So.2d 204, 205 (Fla. 3d DCA 1958).
Reversed and remanded for a new trial on the question of liability.