481 So.2d 3 (1985)
SEABOARD COASTLINE RAILROAD COMPANY, Now Known As Seaboard Systems Railroad, Inc., Appellant,
v.
Curtis ADDISON, Appellee.
No. BF-351.
District Court of Appeal of Florida, First District.
November 15, 1985.
Rehearing Denied January 28, 1986.
*4 William R. Swain of Webb, Swain & O'Quinn, Jacksonville, for appellant.
W. Roderick Bowdoin of Darby, Peele, Bowdoin, Manasco & Payne, Lake City, for appellee.
*5 MILLS, Judge.
Seaboard appeals from an award of damages in Addison's suit against it for personal injuries resulting from a truck/train collision. We affirm.
The suit below followed a 1983 accident in Union County, Florida, wherein a Seaboard freight train struck the pick-up truck operated by Addison, resulting in permanently disabling injuries. Evidence adduced at trial showed that the collision occurred at a crossing marked only by a yellow warning sign 500' from the tracks, a painted cross on the roadway, and a crossbucks sign at the crossing. No flashing lights or gate arms were used to warn vehicular traffic of oncoming trains. It was also demonstrated that a motorist's view of oncoming trains from the highway was at least partially obscured by trees and heavy foliage surrounding the crossing.
On the day of the collision, the train blew its whistle prior to entering the crossing, but Addison either failed to hear it or did not hear it in time to stop before entering the path of the train. There was evidence that the train and the truck were exceeding indicated speed limits when the accident occurred.
The case was submitted to the jury. The trial court refused to give certain instructions requested by Seaboard as to Sections 316.1575 and 316.183, Florida Statutes (1983). Section 316.1575 obligates a driver to stop within 15' of railroad tracks when a train blows its whistle 1500' from the crossing and is an immediate hazard; Section 316.183 requires appropriately reduced speed at railroad crossings. The trial court denied the request finding that the substance of these charges was adequately covered by the Standard Jury Instruction (SJI) on negligence, which was given. The jury found Seaboard 80% negligent, and awarded damages of $4,010,196.
Seaboard first contends that the trial court erred in failing to give the requested instructions. We do not agree. While a party is entitled to have a jury instructed on its theories when substantial evidence supports them, Thursby v. Reynolds Metals Co., 466 So.2d 245 (Fla. 1st DCA 1985), the instructions given must be considered as a whole, with the evidence, and if the law appears to have been fairly presented to the jury and it was not misled, the failure to give requested instructions is not error. Guy v. Kight, 431 So.2d 653 (Fla. 5th DCA 1983).
The jury instructions as reflected in the record clearly encompass the requested instruction on Section 316.183 (appropriately reduced speed) as the jury was informed that violation of the speed limit by either party was evidence of negligence. Instruction on this statute would therefore have been "argumentative and repetitive," Florida East Coast Rwy. Co. v. McKinney, 227 So.2d 99, 104 (Fla. 1st DCA 1969), and was properly denied. With regard to Section 316.1575, this statute requires nothing more than that a motorist stop before the tracks when a train is approaching. Setting aside our belief in the jury's ability to discern that driving in front of an oncoming train evidences negligence, the comment to SJI 4.14(b) advises against giving such right-of-way charges because of the overbalance created in favor of the railroad. Instructions are correctly denied when SJI recommends against them. Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976). The trial court did not err in refusing this instruction.
Seaboard also challenges the amount of the verdict rendered below, alleging that the jury was improperly influenced by passion and prejudice. We note that Seaboard failed to urge this issue at oral argument, or to inform the court of its intention that the award remain at issue. Nevertheless, we consider the award on its merits and affirm.
Seaboard does not urge, nor has it demonstrated, that the verdict was unsupported by the evidence. Rather it argues that certain trial events, perhaps innocuous when standing alone, had the "cumulative effect" of prejudicing the jury. See Del Monte Banana Co. v. Chacon, 466 So.2d 1167 (Fla. 3d DCA 1985). It first points to *6 Addison's introduction of a pre-trial interrogatory to which Seaboard responded that it had made 38 photographs of the accident scene. Because it introduced only 20 photos at trial, Seaboard argues that the interrogatory was introduced to imply that it was concealing damaging evidence. The context in which the interrogatory was admitted does not demonstrate any such implication.
Seaboard next complains of Addison's solicitation from the train's engineer of the information that he destroyed his notes on the accident. This destruction was not improperly hinted at, but testified to as a fact, from which the jury was free to draw its own conclusions as from any other fact.
Finally, Seaboard points to an alleged "golden rule" argument by Addison's counsel in closing argument, citing his remark that, prior to the accident, Addison had been able to do certain labor, as the jurors themselves did. A golden rule argument urges the jurors to place themselves in a plaintiff's position or to allow recovery as they would want were they the plaintiff. Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969). To be impermissible, the argument must strike at that sensitive area of financial responsibility and hypothetically request the jury to consider how much it would wish to receive in a similar situation. Stewart at 494. The statement cited by Seaboard does not meet this standard, nor is it of a nature to "gravely impair the calm, dispassionate consideration of the evidence." Tyus v. Apalachicola Northern RR Co., 130 So.2d 580 (Fla. 1961).
While we find that the amount of the verdict herein is perilously close to being so inordinately large as to exceed the maximum limit within which the jury could properly operate, Bould v. Touchette, 349 So.2d 1181, 1185 (Fla. 1977), because the record does not reveal that the jury was influenced by passion or prejudice and Seaboard has not demonstrated that the verdict was unsupported by the evidence, we decline to disturb it on appeal. See City of North Bay Village v. Braelow, 469 So.2d 869, 871 (Fla. 3d DCA 1985).
Affirmed.
SMITH and THOMPSON, JJ., concur.