502 So.2d 1241 (1987)
SEABOARD COASTLINE RAILROAD COMPANY, Now Known As Seaboard System Railroad, Inc., Petitioner,
v.
Curtis ADDISON, Respondent.
No. 68290.
Supreme Court of Florida.
February 26, 1987.
DuBose Ausley, William M. Smith and Stephen C. Emmanuel of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and William R. Swain of Webb, Swain & O'Quinn, P.A., Jacksonville, for petitioner.
W. Roderick Bowdoin of Darby, Peele, Bowdoin, Manasco & Payne, Lake City, for respondent.
EHRLICH, Justice.
We have for our review Seaboard Coastline Railroad Company v. Addison 481 So.2d 3 (Fla. 1st DCA 1985), which conflicts with City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981), and Menard v. O'Malley, 327 So.2d 905 (Fla. 3d DCA 1976). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.[1]
The respondent, Addison, received permanent injuries in 1983 when petitioner Seaboard's train struck the pickup truck operated by Addison. The evidence at trial showed that the train blew its whistle prior to entering the crossing as required by section 316.1575(1)(c), Florida Statutes (1983), but that Addison either did not hear it or failed to hear it in time to avoid the collision. There was also evidence that *1242 both the train and the truck were exceeding their respective speed limits when the collision occurred.
The jury found Seaboard eighty percent negligent and awarded damages of $4,010,196.00 which was reduced to $3,208,156.80 by Addison's twenty percent comparative negligence.
On appeal, Seaboard argued that the trial court's refusal to instruct the jury on the requirements of section 316.1575(1)(c) was reversible error. The district court disagreed, reasoning that
[T]his statute requires nothing more than that a motorist stop before the tracks when a train is approaching. Setting aside our belief in the jury's ability to discern that driving in front of an oncoming train evidences negligence, the comment to SJI [Standard Jury Instruction] 4.14(b) advises against giving such right-of-way charges because of the overbalance created in favor of the railroad.
481 So.2d at 5.
We disagree with the district court's holding. Its error lies in analyzing Seaboard's requested instruction on the basis of Standard Instruction 4.14(b). At issue here is respondent's alleged violation of a statute, section 316.1575(1)(c), part of the Florida Uniform Traffic Control Law. Standard Instruction 4.11 was the instruction that should have been given by the trial court. This instruction tracks the established rule of law that a violation of a traffic regulation is evidence of negligence. See, e.g., Chimerakis v. Evans, 221 So.2d 735 (Fla. 1969), and Clark v. Sumner, 72 So.2d 375 (Fla. 1954). When there is evidence of such a violation a party is entitled to a jury instruction thereon. This is simply a specific application of the equally established rule of law that a party is entitled to have the jury instructed upon his theory of the case when there is evidence to support the theory. See Menard v. O'Malley, 327 So.2d at 907, and cases cited therein.
We also reject the district court's suggestion sub judice that, even without the comment to 4.14(b), Seaboard's requested instruction was unnecessary because of the "jury's ability to discern that driving in front of an oncoming train evidences negligence... ." 481 So.2d at 5.
In City of Tamarac v. Garchar, the court was confronted with, inter alia, the issue of the trial court's refusal to instruct the jury on the statutory prohibition against driving under the influence of alcoholic beverages. In finding the trial court's failure to give this instruction reversible error, the court reasoned:
The court also refused to give the standard jury instruction dealing with the negligence to be inferred from a statutory violation. The jury was therefore given no instructions whatsoever on either the statute or the effect of its violation. We find this failure to instruct to have been particularly prejudicial. The average man is probably aware that driving an automobile under the influence of alcohol to the extent his normal faculties are impaired is prohibited by law. The jury here was left to speculate about the effect of this law on their deliberations.
398 So.2d at 895.
We agree with this reasoning and reaffirm that a violation of a traffic ordinance is evidence of negligence, and that when there is evidence of such a violation a requesting party is entitled to have the jury so instructed. When the trial judge fails to read or paraphrase the statute and inform the jury that a violation of the statute is evidence of negligence, the jury is given no guidance on either the requirements of the statute or what effect a violation of the statute should have on its deliberations.
Respondent argues that the case law evidences that courts have not required jury instructions on statutes which relate to general matters within the common sense of the jurors or which do nothing more than require the use of reasonable care. Respondent directs our attention to the fact that in City of Tamarac the district court found that the trial court's failure to instruct the jury on driving under the influence was reversible error but found that there was no error in the trial court's failure to instruct on section 316.090, Florida *1243 Statutes (1973) (driving on divided highways), and section 316.030, Florida Statutes (1973) (careless driving). 398 So.2d at 894. Respondent also points out that in Menard v. O'Malley, the district court found the trial court's failure to instruct on section 316.030 (careless driving) and 316.183 (unlawful speed) was not error, but the failure to instruct on section 316.185 (special hazards) required reversal. 327 So.2d at 907. Neither the court in City of Tamarac nor in Menard provided any reasoning as to why such a distinction was drawn between these different statutes. It is possible that there was a lack of evidentiary support for the requested instructions, but in order to dispell any uncertainty, we disapprove the rulings in both cases to the extent they conflict with our holding here today.
Sub judice, Seaboard's main defense was that it sounded the audible warning required by section 316.1575 and that Addison failed to stop as is required by the same statute. We note that the trial court did instruct the jury on the speed limits applicable to both the train and the truck, and we surmise that the trial court's refusal to give an instruction on respondent's violation of section 316.1575 was based on the erroneous view that the question was controlled by the comments to Standard Instruction 4.14(b). We hold that this was error and that Seaboard's request for standard instruction 4.11 should have been given by the trial court.
Accordingly, we disapprove the reasoning of the district court below on this question.
It is so ordered.
McDONALD, C.J., OVERTON, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
NOTES
[1] Subsequent to hearing oral argument in this cause, the parties filed a "Stipulation For Dismissal," informing us that their dispute has been settled and requesting us to dismiss the appeal. Because our jurisdiction is based upon a conflict of decisions on the jury instruction issue discussed herein, we choose to retain jurisdiction and address this issue.