PER CURIAM.
This is an appeal by the plaintiff Urel Ladler from a final judgment entered upon an adverse jury verdict in a FELA action. The plaintiff contends, and we agree, that the trial court committed reversible error in refusing to give the plaintiffs requested jury charge on res ipsa loquitur. We reach this result because, simply put, the plaintiffs version of the accident sued upon— even though contradicted by other evidence adduced at trial — was such as to entitle him to a res ipsa loquitur jury instruction.
Briefly stated, the plaintiff testified that while driving a loading tractor as an employee of the defendant Florida East Coast Railway at the defendant’s Hialeah facility, (a) the accelerator on the tractor became stuck in a forward speed, (b) the brakes on the tractor failed, and (c) the tractor struck a light pole at the railroad facility causing certain injuries to the plaintiff. Under these circumstances, a res ipsa loquitur jury instruction was proper in this case, and the trial court committed reversible error in refusing to so instruct the jury. See Jesionowski v. Boston & Maine R.R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416 (1947); Dugas v. Kansas City Southern Ry. Lines, 473 F.2d 821 (5th Cir.), cert. denied, 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1973); Morganstine v. Rosomoff, 407 So.2d 941, 943 (Fla. 3d DCA 1981); Menard v. O’Malley, 327 So.2d 905, 907 (Fla. 3d DCA 1976), disapproved on other grounds, 502 So.2d 1241 (Fla.1987).
The final judgment under review is reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.