559 So.2d 1244 (1990)
Mary MATHIEU, Appellant,
v.
Gerald SCHNITZER and Patricia Schnitzer, His Wife, Appellees.
No. 88-2280.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Rehearing Denied May 24, 1990.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Fort Lauderdale, Larry Klein and Barbara J. Compiani of Klein & Walsh, P.A., West Palm Beach, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellees.
*1245 POLEN, Judge.
Appellant was struck by a white Saab as she crossed the street at approximately 3:00 a.m. The car fled the scene. A witness to the accident saw a white Saab that he believed to be the hit and run vehicle thirty to forty minutes later. He copied the license number and reported it to police. Based on the description and tag number reported, police stopped Mr. Schnitzer as he was driving. After a brief detention, appellee was allowed to leave.
Two days later, accident investigator Almy contacted Mr. Schnitzer and requested that he bring his car to the police station for examination. The investigator found that the metal behind the front bumper on the left corner was indented. She also found two white marks on the bumper which indicated that something had rubbed against it. The bumper itself was not distorted.
Mr. Schnitzer gave police a statement indicating that he left a lounge on the night of the hit and run but had no knowledge of the incident. Appellant sued appellees alleging that the car that struck her was owned by them. During trial Mr. Schnitzer admitted owning and driving the white Saab in which he was stopped by the police on the night of the accident. He consistently denied any knowledge of the hit and run and maintained that he had been at the lounge until he left just five minutes before being stopped by police.
At trial, appellant attempted to have investigator Almy declared an expert in accident reconstruction. Upon defense objection, the trial court recognized Almy only as an expert in accident investigation. The trial judge found that Almy's qualifications were inadequate for her to testify as an accident reconstructionist. The trial court further concluded that the facts of the case did not require reconstruction expert testimony.
During the charge conference, appellant's counsel requested jury instructions based on sections 316.003(6)(a) and 316.130(15,) Florida Statutes (1987). The trial judge refused to instruct the jury on these traffic regulations. The court determined that these proposed instructions did not relate to the issues in the case and were not material. We believe the trial court erred on both issues and reverse and remand for a new trial.
A trial court's decision on the qualifications of an expert is ordinarily conclusive, and entitled to great weight on appeal, unless it is shown that the trial court applied erroneous legal principles in arriving at its decision. Lake Hospital and Clinic, Inc. v. Silversmith, 551 So.2d 538 (Fla. 4th DCA 1989). To qualify as an expert in a given area, it must be shown that the witness has acquired special knowledge of the subject matter whether by study or through experience. Id. at 545. We find that Almy's experience in investigating the causes of accidents and her years of work experience were sufficient to qualify her as an expert in accident reconstruction. Even if we were not to reach this conclusion, we would still find that expert testimony concerning the correlation between the bumper of appellees' car and appellant's injury was already within Almy's expertise as an accident investigator. The trial court reasoned that because there was no evidence of skid marks, no evidence of debris, no evidence of the point of impact, an accident reconstructionist's expert opinion would not be proper. However, there was evidence of bumps, scrapes and indentations on appellees' vehicle and evidence of appellant's injuries. Almy's expert testimony concerning the damage found on appellees' car in relation to appellant's injuries and what that evidence indicates to the trained investigator is not within the common understanding of the average layman.
Finally, we find the trial court erred by not granting appellant's requested instructions on cross walks and a motorist's duty to pedestrians. We believe that both were relevant and consistent with appellant's theory of the case and that there was evidence of the violation of these statutes. When there is evidence of such violation a party is entitled to a jury instruction thereon. This is simply a specific application of the equally established rule of law *1246 that a party is entitled to have the jury instructed upon his theory of the case when there is evidence to support the theory. Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241 (Fla. 1987). Accordingly, we reverse both points on appeal and remand to the trial court for a new trial.
STONE and WARNER, JJ., concur.