W. SHARP, Judge.
Cahill appeals from the dismissal of her third amended complaint against the City of Daytona Beach. She alleged that the City caused the damages she suffered when her automobile collided with another in an intersection, because the City permitted foliage to obscure the stop sign which faced in her direction. The City argues Cahill’s negligence in not yielding the right-of-way to the other car approaching from Cahill’s right pursuant to section 316.121, Florida Statutes (1987),[1] was an intervening active cause, which relieved the City from any liability regarding its failure to properly maintain the stop sign. We disagree.
Cahill alleged in her third amended complaint that she was driving north on Cadillac Drive in the City of Daytona Beach, and that the City had posted stop signs for the north and southbound traffic at the intersection of Cadillac with Eighth Street. However, the City allowed the stop sign for northbound traffic to become hidden by foliage. As Cahill approached the intersection, since she saw no stop sign, she assumed Cadillac was a through street and that traffic on Eighth Street would stop. The motorists on Eighth Street had the same assumption. It was the perfect setting for a collision, which is exactly what occurred in this case.
We think Palm Beach County Board of Commissioners v. Salas, 511 So.2d 544 (Fla.1987) is controlling. In Salas, the County made an argument similar to the City’s in this case: that the driver’s alleged violation of either of two traffic ordinances[2] was an intervening act of negligence which the County could not have foreseen. The supreme court rejected that argument. We paraphrase from Salas:
Initially, we point out that [Cahill’s] alleged violation of a traffic ordinance is merely evidence of her negligence and *716 the [City] is entitled to have the jury so instructed. See Seaboard Coastline Railroad Co. v. Addison, 502 So.2d 1241 (Fla.1987). The question presented here, however, is whether [Cahill’s] conduct was so unusual, extraordinary or bizarre (ie., so “unforeseeable”) that the policy of the law will relieve the [City] of any liability for negligently creating this dangerous condition.
In this case, the intersection was “controlled” by stop signs, so it is not clear that section 316.121 would apply here. Cahill may have violated some other traffic ordinance by not stopping at the obscured stop sign. But, in any event, such a violation vel non does not remove the issue of proximate cause from the jury under the guise of creating an active, intervening cause.
Here, it appears that the City could have foreseen that allowing the stop sign to become unviewable could leave motorists approaching the intersection in a precarious situation in which each could assume he had the right-of-way. Cahill alleged this dangerous situation existed long enough that the City should have known of it and should have acted to remedy the problem. Until it did, a collision was clearly foreseeable. Cahill’s actions and her ensuing accident were not so bizarre, unusual, or outside the realm of what was reasonably foreseeable as to justify a dismissal of the complaint.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.

. Section 316.121, Florida Statutes (1987) provides:
316.121 Vehicles Approaching or Entering Intersections—
[[Image here]]
(2) When two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

. Section 316.122 (failing to yield the right-of-way on a lefthand turn) and section 316.151(2) (making a lefthand turn from the righthand lane).