879 So.2d 678 (2004)
Maximillion A. FLORIO, Appellant,
v.
Robert Tyler ENG, Appellee.
No. 4D03-1570.
District Court of Appeal of Florida, Fourth District.
August 11, 2004.
Arnold R. Ginsberg of Ginsberg & Schwartz, and Murray B. Epstein of Murray B. Epstein, P.A., Miami, for appellant.
Frances F. Guasch of Luis E. Ordonez & Associates, Miami, for appellee.
STONE, J.
Plaintiff appeals a judgment following a verdict in favor of Defendant. We reverse. The trial court denied Plaintiff's request to charge the jury on an essential issue in the case where the evidence supported giving a charge on violation of section 316.084(2), Florida Statutes, governing vehicles passing on the right.
*679 The parties disagree as to the accident details. Plaintiff was driving a truck, with an attached trailer, north on State Road 441 and was attempting to make a right turn into a driveway. Defendant maintains that he was following Plaintiff's truck, also heading north on the two lane road, when Plaintiff, without signaling, crossed into the southbound lane with only a rear wheel remaining in the northbound lane. Defendant testified that he passed because he thought Plaintiff, who entered the southbound lane, was turning left. Defendant acknowledged that, in passing, he drove off the road and onto the three foot wide shoulder, with 70% of his vehicle on the asphalt and 30% on the shoulder. When Defendant saw Plaintiff turn right, toward him, he tried to get out of the way and drove off the road, onto the grass and into the driveway, where the vehicles collided.
In contrast, Plaintiff and his passenger testified that the truck had signaled the right turn, did not cross into the left-hand southbound lane before turning, and Defendant tried to pass on the shoulder.
Plaintiff requested a jury instruction on section 316.084(2), which governs the circumstances when overtaking a vehicle on the right is permitted, arguing the evidence supports a charge advising the jury about the statute. Initially, Plaintiff requested that the court read only a portion of the statute, but at conference, in response to a court comment that if it gave the charge the whole statute should be included, Plaintiff agreed the entire statute should be read.
Section 316.084, provides:
(1) The driver of a vehicle may overtake and pass on the right of another vehicle only under the following conditions:
(a) When the vehicle overtaken is making or about to make a left turn;
(b) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving traffic in each direction;
(c) Upon a one-way street, or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles.
(2) The driver of a vehicle may overtake and pass another vehicle on the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.
(3) A violation of this section is a noncriminal traffic infraction, punishable as a moving violation as provided in chapter 318.
Finding there was no evidence to support the instruction, the trial court denied the request for the jury instruction. While the witnesses disagree whether Defendant was "passing" prior to the accident, taking the testimony in the light most favorable to Plaintiff, his theory of the case clearly relates to the required instruction. We, therefore, conclude that the statute was relevant and material to the issues in the case.
A party is entitled to have the jury instructed on his theory of the case when the evidence, viewed in a light favorable thereto, substantially supports the theory even though that theory is controverted. Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241, 1242 (Fla.1987).
Violations of state statutes governing motor vehicles are evidence of negligence. Id. at 1242 (holding that the violation of traffic ordinance is evidence of negligence, and when there is evidence of *680 such violation, requesting party is entitled to have jury so instructed); see also Craig v. Sch. Bd. of Broward Co., 679 So.2d 1219, 1221 (Fla. 4th DCA 1996).
Failure to give a requested jury instruction constitutes reversible error where: (1) the requested instruction accurately states the law, (2) the facts in the case support the giving of the instruction, and (3) the instruction was necessary to allow the jury to properly resolve the issues in the case. See Wransky v. Dalfo, 801 So.2d 239, 243 (Fla. 4th DCA 2001).
We conclude that a failure to give an instruction on section 316.084 was an abuse of discretion. We, therefore, reverse and remand for a new trial.
FARMER, C.J. and MAY, J., concur.