933 So.2d 572 (2006)
Alexander POLLOCK, Individually and as Personal Representative of the Estate and Survivors of Bessie K. Kleinman, deceased, Appellant,
v.
CCC INVESTMENTS I, LLC, d/b/a Tiffany House by Marriott, a foreign corporation, Marriott Senior Living Services, Inc., a foreign corporation, Marriott International, Inc., a foreign corporation, Appellees.
No. 4D05-1990.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Rehearing Denied August 8, 2006.
Rebecca Bowen Creed of Mills & Carlin, P.A., Jacksonville, and John J. Glenn of *573 Anderson Glenn, LLC, Boca Raton, for appellant.
John A. Brekka, Christy E. Brigman and Elaine J. LaFlamme of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for appellees.
KLEIN, J.
Appellant's mother, a resident of an assisted living facility, was murdered by another resident living at the facility. Appellant brought this action for her wrongful death which resulted in a verdict for the defense. We reverse because the court erred in not instructing the jury regarding statutes and regulations which may have been violated by the defendants.
The incident occurred at Tiffany House by Marriott, a minimum level assisted living facility managed by Marriott Senior Living Services, Inc. and owned by Marriott International, Inc., where the plaintiff's mother began living in June, 1998. Around three years later, in May, 2001, another patient, Felix Freed, who had been living at Tiffany House for about eighteen months, murdered appellant's mother and then called the nurses' desk to report that he had killed another resident.
Plaintiff brought this suit alleging violations of Chapter 400, Florida Statutes, and that Tiffany House had acted negligently in admitting Freed and allowing him to continue to reside there. The evidence at trial showed that just before his admission to Tiffany House, Freed had been hospitalized in a psychiatric facility because he suffered from dementia and there were concerns that he could be dangerous to himself or others. When he was admitted to Tiffany House, he suffered from major depressive disorder, dementia, and psychosis. His medical evaluation indicated that he was in need of continuous licensed nursing care.
In March, 2001, Freed informed employees of the defendants that he was concerned that he could hurt himself or others. He was then evaluated at a local hospital and, after reporting that these homicidal or suicidal tendencies had ceased, he returned to Tiffany House. Soon after that, according to his medical records, other residents had observed personality changes in Freed, including increased signs of frustration and lack of tolerance. His daughter reported that she was concerned about her father's increasing paranoia and his psychiatrist prescribed an antipsychotic medication. The psychiatrist's records reflect that on May 3, 2001, he ordered a psychiatric nurse to monitor Freed, but a nurse was never retained by the defendants nor was there any indication in the defendants' medical records of this order by the psychiatrist. The murder occurred seven days later.
Plaintiff requested several jury instructions involving state regulations and statutes pertaining to assisted living facilities. One of those instructions was a portion of Residency Criteria and Admission Procedures. Fla. Admin. Code 58A-5.0181.
1) Admission Criteria. An individual must meet the following minimum criteria in order to be admitted to a facility holding a standard, limited nursing or limited mental health license.
g) Not be a danger to self or others as determined by a physician, or mental health practitioner licensed under Chapters 490 or 491.
l) Not require 24-hour nursing supervision. Another provided:
Every facility shall be under the supervision of an administrator who is responsible for the operation and maintenance of the facility including the management of all staff and provision of adequate care to all residents . . .
§ 400.4176, Fla. Stat.; Fla. Admin. Code R. 58A-5.019(1).
A third provided:

*574 All staff shall be assigned duties consistent with his/her level of education, training, preparation, and experience. Staff providing services requiring licensing or certification must be appropriately licensed or certified. All staff shall exercise their responsibilities, consistent with their qualifications, to observe residents, to document observations on the appropriate resident's record, and to report the observations to the resident's health care provider in accordance with this rule chapter.
Fla. Admin. Code R. 58A-5.019(2)(b).
A fourth provided:
(3) Staff Records.
(b) Personal records for each staff member shall contain, at a minimum, a copy of the original employment application with references furnished and verification of freedom from communicable disease including tuberculosis. In addition as applicable: (listing numerous required licenses and certifications.)
Fla. Admin. Code R. 58A-5.024. There was evidence from which the jury could have found violations of all of the above.
Although, generally speaking, the standard of review for jury instructions is abuse of discretion, Florio v. Eng, 879 So.2d 678 (Fla. 4th DCA 2004), "a party is entitled to have the jury instructed upon his theory of the case [statutory violation] when there is evidence to support the theory." Seaboard Coastline R.R. v. Addison, 502 So.2d 1241, 1242 (Fla.1987). Because it appears from the cases that reversal is inevitable, where the trial court erroneously fails to instruct on a statutory violation, Holley v. Kelley, 91 So.2d 862 (Fla.1957), Riley v. Willis, 585 So.2d 1024 (Fla. 5th DCA 1991), Menard v. O'Malley, 327 So.2d 905 (Fla. 3d DCA 1976), Florio, we cannot agree with the defendants that the trial court's discretion was broad. On the contrary, any discretion for the omission of this type of instruction is strictly limited by the case law.[1]
Because, as we noted earlier, there was evidence from which the jury could have found violations of the statutes and regulations, plaintiff is entitled to a new trial. Reversed.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] Justice Anstead, when he was a judge on this court, addressed the analogous problem of the abuse of discretion standard of review applied routinely by opinions to the admissibility of evidence, in a case in which the issue was whether an out-of-court statement was offered to prove the truth of the matter contained in the statement. § 90.801, Fla. Stat. (1991). The state acknowledged that the trial court should have admitted the testimony, but argued it was not an abuse of discretion. Judge Anstead responded: "As to abuse of discretion, we cannot agree, since the trial court's discretion here was narrowly limited by the rules of evidence." Taylor v. State, 601 So.2d 1304, 1305 (Fla. 4th DCA 1992). See also, Johnston v. State, 863 So.2d 271 (Fla. 2003) (the trial court's discretion is limited by rules of evidence).