PER CURIAM.
We reverse and remand for a new trial solely on the issue of liability. We agree with appellant that the trial court erred in its instructions and comments to the jury concerning the issue of comparative negligence.
In particular we believe the trial court erred in telling the jury that the plaintiff-appellee, Vera F. Trainor, had no legal duty to report the unsafe condition of an elevator within which she subsequently fell, and in subsequently reading to the jury definitions of “moral obligation” and “legal cause” from a legal dictionary. The combined effect of the trial court’s actions was to remove from the jury’s consideration any evidence of the plaintiff’s failure to protect herself by reporting the condition which she concededly was aware of well in advance of her fall. We do not mean to imply that the trial court should have instructed the jury that plaintiff had a legal duty to report the unsafe condition. However, we believe the jury had a right to *352 consider evidence of her failure to do so in determining the comparative negligence issue.
We disagree with appellant’s contention that the plaintiff had a special legal duty, as a result of her membership in the condominium association or her ownership of a part of the common areas, to report the unsafe condition to the association. In our view the plaintiff had the same duty as anyone else using the elevator, namely to look out for herself in a reasonable manner. See Hemispheres Condominium Association, Inc. v. Corbin, 357 So.2d 1074 (Fla. 3d DCA 1978), and Manassa v. New Hampshire Insurance Company, 332 So.2d 34 (Fla. 1st DCA 1976). The standard instructions on comparative negligence were sufficient to cover this issue. The error of the trial court here was in suggesting to the jury that while the plaintiff may have had a moral duty to report* the unsafe condition, she had no legal duty to do so.
We also reverse on the cross appeal and hold that there is sufficient evidence on the loss of consortium claim to support the jury’s award. The trial court erred in striking that award after trial. That damage award will, of course, be contingent upon the outcome of the retrial on liability.
ANSTEAD and GLICKSTEIN, JJ., and FEDER, RICHARD YALE, Associate Judge, concur.