587 So.2d 612 (1991)
Jose C. SOTUYO, Personal Representative of the Estate of Antonio Sotuyo, Deceased, Appellant,
v.
Carroll Eugene WILLIAMS, Appellee.
No. 90-3710.
District Court of Appeal of Florida, First District.
October 10, 1991.
*613 Walter A. Steigleman, Fort Walton Beach, for appellant.
David A. Sapp of Bell, Schuster & Wheeler, P.A., Pensacola, for appellee.
WOLF, Judge.
Jose C. Sotuyo (plaintiff), personal representative of the estate of Antonio Sotuyo, appeals from a final judgment rendered in accordance with a jury verdict in a negligence action finding no liability on the part of the defendant, Carroll Eugene Williams.
The plaintiff was the father of a 12-year-old boy who was killed when his bicycle collided with a multi-axle tractor-trailer driven by appellee. Appellant asserts that the trial court erred in (1) refusing to admit into evidence the truck route ordinance of the city of Fort Walton Beach, and (2) refusing to give standard jury instruction 4.11 regarding alleged violations of the Florida Uniform Traffic Control Law, specifically section 316.183(1), Florida Statutes, relating to unlawful speed, and section 316.185, Florida Statutes, relating to special hazards. We find that there was no evidence regarding whether the city of Fort Walton Beach posted signs alerting truck drivers of restricted travel on certain streets. Thus, no violation of section 316.555, Florida Statutes (1989), occurred and the trial court did not err by refusing to admit the Fort Walton Beach city ordinance into evidence. There is no necessity to further address this issue.
We do find, however, that the trial court erred by failing to give the requested instructions concerning violations of the uniform traffic control law.
On June 23, 1988, 12-year-old Antonio Sotuyo was riding his bicycle on Wright Parkway in Fort Walton Beach. Carroll Williams was driving his 18-wheel tractor-trailer truck on the same side of the street. The driver testified that he slowed down from 30 miles per hour to 25 miles per hour when he saw the boy on the bicycle, but he did not take any other evasive action. Christina Williams, the driver's daughter, who was a passenger in the truck, testified that the boy stood up on his pedals and as he did so, he moved toward the cab on the truck. After the boy's bicycle collided with the back of the cab, the boy was pulled under the trailer and died shortly after the accident.
There was conflicting testimony as to whether the boy was in the bicycle lane at the time of the collision. Evidence was presented concerning the weight of the trailer and tractor, the weight of the cargo, length and width of the truck, as well as braking capabilities of the truck. Additionally, evidence was presented concerning the street itself, including number of lanes, the width of lanes, amount of traffic, and the fact that the street was in a residential neighborhood.
At trial, the plaintiff sought jury instructions pursuant to Florida Standard Jury Instruction 4.11 in reference to violations of section 316.183, Unlawful Speed, and section 316.185, Special Hazards, based upon an argument that Williams should have reduced his speed below the 25 mile per hour requirement on Wright Parkway. Section 316.183(1) provides that
[n]o person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential *614 hazards then existing. In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.
Section 316.185 provides as follows:
The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver from the duty to decrease speed when ... special hazards exist or may exist with respect to pedestrians or other traffic ... and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care.
The court refused to give an instruction as to either of these statutes pursuant to Florida Standard Jury Instruction 4.11. Instruction 4.11 reads:
VIOLATION OF TRAFFIC REGULATION EVIDENCE OF NEGLIGENCE
(Read or paraphrase the applicable statute or refer to the ordinance admitted in evidence).
Violation of this [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
The judge told the parties that instruction 4.12 would be given instead, and that giving 4.11 would be duplicative. Instruction 4.12 provides:
DUTY OF MOTORIST TOWARD CHILDREN
A motorist must exercise reasonable care to guard against the unpredictable and erratic behavior of children on or near the [street] [highway] if he knows or should know of their presence.
After deliberations, the jury returned a verdict for the defendant.
In Seaboard Coast Line R.R. Co. v. Addison, 502 So.2d 1241 (Fla. 1987), the supreme court held that violation of a traffic regulation is evidence of negligence and a party is entitled to have the jury instructed upon its theory of the case when there is evidence to support the theory. The failure to give a requested instruction constitutes reversible error when the requested instruction is an accurate statement of the law, the facts in the case support such an instruction, and the jury instruction is necessary for the jury to properly resolve the case. L.K. Water's Edge Assocs., 532 So.2d 1097 (Fla. 3rd DCA 1988).
In the instant case, it cannot be presumed that the jury knows the statutory requirements or that the common sense of the jurors would dictate the appropriate behavior. The jury is entitled to guidance on the requirements of statutes and the effect a violation of a statute would have on its deliberations. Seaboard Coast Line, supra at 502.
In the instant case, appellant argues that the jury could reasonably infer, because of appellee's failure to decrease his speed, that a violation of section 316.183(1) (unlawful speed), occurred. In addition, appellant argued that the jury could have found that appellee should have moved over in his lane in order to avoid the special hazard (the bicyclist) and that his failure to do so constituted a violation of section 316.185, (special hazards). We agree.
While there is no direct testimony that the driver exceeded a safe speed or that he did not react correctly in light of a special hazard, the record is replete with evidence of facts concerning the circumstances surrounding the accident from which the jury could have inferred that violations of the statute had occurred. In addition, we are unpersuaded by the argument that because the judge gave a jury instruction on the duty of a motorist towards children (instruction 4.12) that the requested instruction would have been duplicative. The instruction that was given failed to apprise *615 the jury that under certain circumstances a driver is statutorily required to drive under the speed limit or that failure to do so will constitute a violation of the traffic laws. Instruction 4.12 does not apprise the jury of the legal effect of a statutory violation and what consideration the jury should give to the violation. Under Seaboard Coast Line, supra, the plaintiff was entitled to have the jury instructed on these matters.
Reversed and remanded for a new trial.
SHIVERS, J., and CAWTHON, Senior Judge, concur.