611 So.2d 605 (1993)
Brenda A. ROBINSON and John S. Robinson, Appellants,
v.
Christopher W. GERARD and Paul B. Wayment, Appellees.
No. 91-3496.
District Court of Appeal of Florida, First District.
January 11, 1993.
*606 Wood, Atter & Coleman, P.A., Jacksonville, Larry Klein and Randy D. Ellison of Klein & Walsh, P.A., West Palm Beach, for appellants.
Ada Hammond and Brian E. Currie of Taylor, Day & Rio, Jacksonville, for appellees.
ERVIN, Judge.
Appellants/plaintiffs appeal a final judgment entered in a personal injury action arising from an automobile accident, in which the court, based upon the jury's verdict, found appellees/defendants not liable for any damages. Appellants assert that the trial court erred in refusing to give their requested instructions regarding violation of statutes proscribing unlawful speed and following another vehicle too closely, in that competent, substantial evidence supports the instructions requested. We agree, reverse the judgment, and remand the case for new trial.
On February 17, 1986, defendant Gerard was driving defendant Wayment's Jeep in the right-hand lane of the Fuller Warren Bridge, a four-lane highway spanning the St. Johns River in Jacksonville, Florida. Gerard testified that he was driving approximately 50 miles per hour, two to three car lengths behind a large truck which obscured his vision of traffic in that lane. The truck suddenly swerved into the left lane, thereby making Gerard suddenly aware that several vehicles in the right lane in front of him had come to a standstill. Gerard, unable to turn the Jeep into the left lane because of traffic conditions, immediately applied the brakes, but the Jeep skidded and struck the rear of the last of several vehicles stopped behind a stationary recreational vehicle. The collision caused a chain reaction: the vehicle Gerard struck was propelled into the rear of the car stopped in front of it, which in turn collided with appellant Brenda Robinson's vehicle, causing injury to both her and her automobile.
Defendant Wayment's testimony paralleled that of Gerard regarding the events transpiring just before the accident, with a few exceptions. Wayment, a passenger in the Jeep at the time of the incident, stated that Gerard had accelerated to no more than 45 miles per hour, and that the Jeep was following between three to five car lengths behind the vehicle in front of it, which he identified as a light-colored van.
Plaintiff Brenda Robinson testified that the posted speed limit on the bridge is 45 miles per hour.
Based upon the above evidence, the plaintiffs requested the following jury instructions, as an adaptation of Florida Standard Jury Instruction (Civil) 4.11:
Florida Statute § 316.0895 FOLLOWING TOO CLOSELY states:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the conditions of, the highway."
Violation of this statute/ordinance is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
* * * * * *
Florida Statute § 316.183 UNLAWFUL SPEED states:
"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, and having regard to the actual and potential hazards, then existing. In every event, speed shall be controlled as may be necessary to avoid *607 colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."
Violation of this statute/ordinance is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
Although the trial court denied the above requests, it did give plaintiffs' requested instruction, as modified, on special hazards as follows:
Florida Statute 316.185 states in part: "When special hazards exist or may exist with respect to other traffic or by reason of other roadway conditions, speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on the street in compliance with legal requirements and the duty of all persons to use due care."
Now, violation of this statute is evidence of negligence. However, it is not conclusive evidence of negligence. And if you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact together with the other facts and circumstances in determining whether such a person was negligent.
In denying the two requested instructions, the lower court commented that it considered the instructions given adequately covered the requested instructions.[1] In regard to the unlawful speed instruction in particular, the court apparently agreed with the defendants' arguments that Section 316.183(1), Florida Statutes (1985), upon which the unlawful speed instruction was based, does not apply to violating the posted speed limit and that such would be an improper comment on the evidence, because the court stated that there was conflicting testimony as to the speed of the defendant's vehicle, and that the jurors might therefore assume that it had concluded there was unlawful speed. We agree that the trial court erred in refusing to give the two requested instructions.
Addressing the unlawful speed instruction first, we acknowledge the well-established rule that a trial court's refusal to give requested instructions on issues adequately covered by the court's instructions is not error. See, e.g., Tooley v. Margulies, 79 So.2d 421 (Fla. 1955); Bassett v. Edwards, 158 Fla. 848, 30 So.2d 374 (1947); Thursby v. Reynolds Metal Co., 466 So.2d 245 (Fla. 1st DCA 1984), review denied, 476 So.2d 676 (Fla. 1985). This rule is inapplicable here, however, because the special hazards instruction does not adequately cover the unlawful speed instruction.
The special hazards instruction specifically charged the jurors that a motorist shall reduce his or her speed when confronted with an existing or potential special hazard. Although the existence of such hazards is a factor to be considered under section 316.183(1), relating to unlawful speed, it is not an essential factor, as is required under the special hazards statute. Therefore, we cannot conclude that an instruction on unlawful speed would have been either unnecessary or duplicative. Moreover, as the special hazards instruction given did not cover appellants' theory of the case, see Sotuyo v. Williams, 587 So.2d 612 (Fla. 1st DCA 1991), the failure to give the requested instruction was error, requiring reversal.
Nor do we agree with appellees' argument that section 316.183(1) does not apply under the circumstances, or that appellants were required to request an instruction under Section 316.189, Florida Statutes (1985), pertaining to the establishment of posted speed limits. Section 316.183(1) relates to speed that is unreasonable or imprudent under the existing conditions, regardless of whether the driver is exceeding *608 the posted speed limit. Consequently, once evidence is presented that a defendant's vehicle was driven at a speed greater than was reasonable and prudent under the conditions which were apparent, an instruction on unlawful speed is justified. Here, Gerard testified he was traveling 50 miles per hour, two to three car lengths behind a vehicle he could not see through or around, with the result that he was unable to avoid colliding with a car stopped in his lane. We consider that such was sufficient evidence to warrant the giving of an instruction on unlawful speed in this case. That there was conflicting evidence as to Gerard's speed and the distance at which he followed the vehicle in front of him does not justify the court's refusal to give the instruction. As the Florida Supreme Court observed in Seaboard Coastline Railroad Co. v. Addison, 502 So.2d 1241, 1242 (Fla. 1987), when there is evidence of a violation of a traffic ordinance, a requesting party is entitled to have the jury instructed on his theory of the case.
We also conclude that the trial court erred in refusing to give the instruction on following too closely to the jury. The special hazards instruction relates to the duty of a motorist to decrease speed when faced with a special hazard, but it does not address specifically, as does the following-too-closely instruction, the statutory requirement that a driver not follow another vehicle more closely than is reasonable and prudent under the circumstances. A motorist may be following a vehicle too closely, even if a special hazard is nonexistent.
Nor can it be presumed, in the absence of the requested instruction, that the common sense of the jurors made them generally aware of the requirement that drivers should not follow other vehicles at an unreasonably close distance. See Addison, 502 So.2d at 1242-43 (rejecting the argument that the instruction requiring a motorist to stop before tracks when a train is approaching was unnecessary because it was within the jury's common sense).
As in Addison and Hammond v. Jim Hinton Oil Co., 530 So.2d 995 (Fla. 1st DCA 1988), the lower court's failure to give the requested instructions left to the lawyers to argue and the jurors to decide the meaning of the traffic statutes in question, without any assistance from the court. Because the requested instructions were not fairly covered by those given and were material to the issues tried, the court's refusal to so instruct cannot be considered harmless.
REVERSED AND REMANDED.
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] The court also gave the jury the standard negligence instruction. Fla.Std. Jury Instr. (Civ.) 4.1.