625 So.2d 1226 (1993)
David GRIEFER and Ann Griefer, His Wife, As Guardians of the Person and Property of Laurel B. Griefer, an Incompetent, Appellants,
v.
Michael Jon DiPIETRO and Myra DiPietro, a/k/a Myra Bellio, a/k/a Myra J. Chandler, a/k/a LaPoint, a/k/a Myra No Last Name, a/k/a Myra, Appellees.
No. 92-0237.
District Court of Appeal of Florida, Fourth District.
June 2, 1993.
On Motion for Rehearing September 8, 1993.
*1227 Ben J. Weaver, Weaver, Kuvin & Weaver, P.A., and C. Daniel Petrie, Jr., Esler, Petrie & Salkin, P.A., Fort Lauderdale, for appellants.
Edward D. Schuster, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellees.
WARNER, Judge.
Appellants, as guardians of their adult daughter, challenge a final judgment in her favor but for substantially less than the damages requested. They claim that the trial court erred in the jury selection process, in allowing improper argument, in failing to give a jury instruction on unlawful speed, and in failing to award an additur to the jury award. We find error in refusing to give the jury instruction and reverse for a new trial.
Laurel Griefer was leaving a bridal shop carrying her just-purchased wedding gown when, while crossing the street, she was struck by appellee's automobile. She suffered severe head injuries, leaving her in a coma. After she came out of the coma, her personality had changed entirely resulting in the end of her engagement, the loss of her employment, and the inability to work at a steady job.
Appellants' claim of negligence against appellee was premised on the fact that appellee did not have his lights on even though the accident happened forty-five minutes after sunset and on the claim that appellee was speeding and inattentive. Appellee claimed that Ms. Griefer was comparatively negligent in that she was holding her wedding gown bag over her head, blocking her view of the road. Appellee saw the white plastic bag blowing just a second or two before impact but did not realize there was a person behind the bag.
*1228 The jury found Ms. Griefer 70% negligent and appellee 30% negligent. It awarded $2,740,000 in economic damages, reduced to a present value of $775,000. It further awarded $1,300,000 in non-economic damages, for a total damage award of $2,075,000. With the reduction for appellant's comparative negligence, the net judgment to appellant was $622,500.
Appellants first claim that the trial court erred in refusing to strike prospective jurors for cause when they expressed doubt about their ability to render a verdict in light of preconceived notions about damage limitations. However, this error was not preserved for review. See Trotter v. State, 576 So.2d 691 (Fla. 1990). In order to preserve the denial of a cause challenge to a prospective juror it is necessary not only to exhaust all remaining challenges and to request additional peremptory challenges but to identify to the trial court a particular objectionable juror whom the party would have also struck had peremptory challenges not been exhausted. Appellants failed to do the latter. It was not until the motion for new trial that appellants finally indicated to the trial court which juror they would have excused had any peremptory challenges remained. Clearly this is untimely, as the purpose of identifying the objectional juror is to allow the trial court to correct the problem before the jury is seated.
We find merit in appellants' second claim that the trial court erred in refusing to give appellants' requested instruction on unlawful speed based on section 316.183, Florida Statutes (1989). That statute states:
No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance or object on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.
The trial court refused to give the instruction, holding that there was no evidence from which the jury could conclude that appellee was speeding. In the instant case, the applicable speed limit was 30 miles per hour. Appellants' expert testified that within a reasonable degree of engineering certainty, appellee's speed was in the range of 28 to 43 miles per hour. While on cross-examination the expert admitted that he could not discount the possibility that appellee was going 25 miles an hour (approximately what appellee's expert testified to), he certainly did not recant his range of speed. By determining there was no evidence that appellee exceeded the speed limit, the trial court essentially weighed appellants' expert's testimony on direct examination with his later testimony on cross, resulting in a directed verdict on the issue of unlawful speed. See Estate of Wallace v. Fisher, 567 So.2d 505, 509 n. 13 (Fla. 5th DCA 1990); Snedegar v. Arnone, 532 So.2d 717 (Fla. 4th DCA 1988).
Moreover, despite some testimony that appellee's speed did not exceed the posted speed limit, there was evidence in the record from which the jury could infer that under the circumstances appellee should have been driving slower, including the fact that he was driving past sunset without his lights on. Sotuyo v. Williams, 587 So.2d 612 (Fla. 1st DCA 1991), is particularly instructive on this point. As the appellants are entitled to instructions supported by the evidence and consistent with their theory of the case, it was reversible error to deny the instruction.
Nor was the error cured by the giving of an instruction on careless driving. The careless driving statute does not apprise the jury of the requirement that speed be reasonable and prudent under the circumstances, including that it be reasonable in light of hazards existent under the circumstances. In Sotuyo and in Robinson v. Gerard, 611 So.2d 605 (Fla. 1st DCA 1993), the court held that an unlawful speed instruction was not duplicated or covered by an instruction on special hazards (section 316.185). Likewise, the unlawful speed instruction is not covered by the careless driving instruction. Considering the apportionment of only 30% negligence to appellee, we cannot consider this a harmless error.
*1229 We therefore reverse and remand for a new trial on all issues as the error in the instructions was very relevant to the issue of comparative negligence, and both issues were hotly contested. The determination of comparative negligence impacts necessarily on the issue of damages. Therefore a new trial is required on both issues. See Currie v. Palm Beach County, 578 So.2d 760 (Fla. 4th DCA 1991); Rowlands v. Signal Construction Co., 549 So.2d 1380 (Fla. 1989).
Because of our reversal as to both issues, we find no need to address appellants' claims with respect to the damage award. In addition, the remaining complaints of error were not properly preserved for review.
Reversed and remanded for a new trial.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

ON MOTION FOR REHEARING
WARNER, Judge.
Appellee has moved for rehearing both as to the issue of the jury instruction on excessive speed and as to our remand for a new trial on damages as well as liability. We deny the motion insofar as it pertains to the jury instruction issue. However, after careful consideration of our remand instruction we modify our opinion and remand for a new trial on liability only.
In the opinion we remanded for a new trial on liability and damages on the authority of Currie v. Palm Beach County, 578 So.2d 760 (Fla. 4th DCA 1991) and Rowlands v. Signal Construction Co., 549 So.2d 1380 (Fla. 1989). We have reexamined Currie and have concluded that it does not mandate a new trial on damages in this case where the damage determination was not affected by the jury instruction error which impacted on the liability determination. In Currie, the trial court had granted a new trial on both liability and damages because of the improper admission of evidence by various witnesses which the trial court found to have inflamed the jury. We affirmed the court's order, stating that since one of the issues in the case was the comparative negligence of the deceased, a new trial on both issues was proper, citing Rowlands. The comparative negligence issue in Currie was whether the deceased was wearing a helmet at the time she was thrown from her seat as a passenger on a motorcycle. Some of the evidence adduced which was held to be improper was graphic evidence of her condition at the accident scene. While it may have been relevant to the helmet issue, the trial court found that this evidence was cumulative and unduly inflamed the jury. Thus, the error affected both the liability and damage awards.
In the instant case, the issue we found reversible did not affect the calculation of damages by the jury nor did it inflame the jury. Thus, in line with Florida East Coast Railway Co. v. Griffin, 566 So.2d 1321 (Fla. 4th DCA 1990); Coastal Towers Condominium Ass'n v. Trainer, 509 So.2d 351 (Fla. 4th DCA 1987); Massey v. Netschke, 504 So.2d 1376 (Fla. 4th DCA 1987), we now hold that a reversal for a new trial on damages is not appropriate where the error complained of affects only the issues of liability.
We have also reexamined the appellant's claim that the trial court should have granted an additur because of the inadequate amount of the verdict. We have reviewed the trial court's order and his findings denying the motion for additur are supported by the record. In construing section 768.043, Florida Statutes (1985), a predecessor statute substantially identical in text to section 768.74, Florida Statutes, the supreme court reiterated that "the trial judge does not sit as a seventh juror with veto power... ." Adams v. Wright, 403 So.2d 391 (Fla. 1981). The trial court in the instant case was mindful of this standard in thoughtfully assessing this case. We therefore affirm on the damage issues.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.