WOLF, Judge.
Appellant, Safety Kleen Corporation, appeals the denial of a motion for a new trial *914 following a jury trial in which the appellee and plaintiff below, Harold Ridley, was awarded damages in an action arising out of an automobile accident in Blountstown, Florida.
Appellant raises three issues before this court. The first point on appeal is whether or not the trial court erred in refusing to give appellant’s requested modified instruction based upon Florida Standard Jury Instruction 4.11 with regard to plaintiffs failure to wear a seat belt. Secondly, the appellant argues that the trial court abused its discretion in excluding expert testimony. Finally, appellant contends that the jury incorrectly calculated the damages suffered by Mr. Rid-ley. We find that the refusal to allow the expert’s proffered testimony did not constitute an abuse of discretion, and affirm as to that issue. As to the issue of whether or not the jury properly calculated present value damages, we do not reach that point because we reverse as to appellant’s first issue, and remand for a new trial.
Section 316.614(4)(b), Florida Statutes, makes it unlawful for any person to operate a motor vehicle in Florida unless the person is restrained by a safety belt. The defendant requested a modified jury instruction based upon Florida Standard Jury Instruction 4.11.[1] The instruction called for the judge to cite the above subsection of the statute, and to inform the jury that:
Violation of a traffic regulation prescribed by statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
The trial court denied this requested instruction based upon the plaintiffs argument that the issue was adequately covered by Florida Standard Jury Instruction 6.14 which was given by the trial court.[2] That instruction directs the jury to determine whether or not a reasonably careful person would have used a seat belt under the circumstances, and whether or not the failure to use the seat belt produced or contributed substantially to producing the damages sustained by the claimant.[3] The instruction does not mention section 316.614, Florida Statutes (Supp.l986). The plaintiff also argued that section 316.614(10) barred the giving of the requested instruction. That subsection states:
§ 316.614(10) A violation of the provisions of this section shall not constitute negligence per se, nor shall a violation be used as prima facie evidence of negligence or be considered in mitigation of damages, but such violation may be considered as evidence of comparative negligence, in any civil action.
(Emphasis added). The failure to give a requested jury instruction is reversible error where it accurately states the applicable law, the facts support the giving of the instruction, and the instruction was necessary to allow the jury to properly resolve all of the issues in the case. Alderman v. Wysong and Miles Co., 486 So.2d 673 (Fla. 1st DCA1986).
We find that the trial court erred in failing to instruct the jury that a violation of section 316.614 constituted evidence of negli- *915 genee. The statute specifically states that violations can be considered as evidence of comparative negligence. This court has previously stated that a violation of this statute is relevant as is any other violation of a traffic statute. Parker v. Montgomery, 529 So.2d 1145 (Fla. 1st DCA 1988), rev. denied, 531 So.2d 1354 (Fla.1988). There are no cases in which the courts have directly addressed this issue under the present statutory language.[4]
In Sotuyo v. Williams, 587 So.2d 612 (Fla. 1st DCA 1991), this court addressed whether or not it was error for the trial court to refuse to instruct the jury pursuant to Florida Standard Jury Instruction 4.11 in reference to violations of section 316.183, Unlawful Speed, and section 316.185, Special Hazards. The ease involved a truck driver who had killed a child on a bicycle, and there was evidence that the driver was going too fast for the road conditions. The trial court had refused to so instruct the jury because it was giving instruction 4.12, Duty of Motorist Toward Children, and the trial court believed that giving 4.11 would be duplicative. This court held that it was error to fail to give the requested instruction. Instruction 4.12 failed to apprise the jury of the legal effect of a statutory violation and what consideration the jury should give to the violation. “The jury is entitled to guidance on the requirements of statutes and the effect a violation of a statute would have on its deliberations”. Sotuyo, supra at 614.
Similarly in Robinson v. Gerard, 611 So.2d 605 (Fla. 1st DCA 1993), this court held that the trial court’s refusal to give an instruction on following too closely was reversible error even though the court had given the special hazards instruction. While the special hazards instruction related to the duty of a motorist to slow down in a special hazard, it did not specifically address the requirement that a driver not follow another driver too closely. The jury was entitled to assistance from the court in interpreting the traffic statutes. Id. at 608. See also Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241 (Fla.1987).
Because the jury was not told that violation of the seat belt statute constituted evidence of negligence, it was not adequately informed as to the law under all the circumstances. Sotuyo v. Williams, 587 So.2d at 614-615. The requested instruction was not fairly covered by the other instructions and it was material to the issue in this case; thus, the refusal to instruct the jury as to this point cannot be considered harmless. Robinson v. Gerard, 611 So.2d at 608.
We reverse and remand this case for the defendant to receive a new trial.
ERVIN and MINER, JJ., concur.
ON MOTIONS FOR REHEARING AND CLARIFICATION
Appellee Ridley has filed a motion for rehearing and clarification. Appellee Calhoun County has filed a motion for clarification. We grant Calhoun County’s motion for clarification. The issue which required us to grant a new trial did not have any impact on the jury’s finding of no liability on the part of the county. We, therefore, determine that Calhoun County should not be a party to the retrial, and that portion of the final judgment as it relates to Calhoun County is affirmed.
As to appellee Ridley’s motion for rehearing and clarification, we deny the same as it constitutes reargument of points previously presented to the court. We do, however, certify a question concerning what is the appropriate jury instruction to be given where there is evidence of a violation of section 316.614, Florida Statutes, “the Florida Safety Belt Law,” as being one of great public importance.
The thrust of Ridley’s argument is that a plaintiffs failure to use a seat belt is only relevant to demonstrate a failure to mitigate damages. He asserts that the failure to *916 wear the seat belt cannot constitute comparative negligence if the failure to wear the seat belt was not an actual cause of the initial accident. While this reasoning has some logical appeal, it is in direct conflict with the language of section 316.614(10), Florida Statutes (1991). The statute states that a violation of the statute should not be considered in mitigation of damages. Section 316.614(10), does state, however, that a violation of the seat belt law may be considered as evidence of comparative negligence. It is not reasonable to assume that this language was only intended to be utilized in those very rare instances where the use of the seat belt actually caused the initial accident. Nor does the legislation itself contain such a limitation.[1]
One commentary makes a convincing argument that the intent of the 1990 amendment to section 316.614(10), Florida Statutes (1991), was to preclude evidence of the failure to wear seat belts from being considered as both evidence in mitigation of damages and evidence of comparative negligence. Meros and Chaisson, Trial Advocacy Quarterly, No. 1 1995, Vol. 14 at 9 (hereinafter Meros). The article persuasively argues that pursuant to the statute, evidence of the failure to utilize a seat belt should only be considered under the doctrine of comparative negligence. Meros, supra at 11. The article cites to the circuit court case of Murphy v. Bass, No. 93-2858 (Fla. 2nd Cir. Leon, Dec. 23,1993):
The court in Murphy v. Bass also reached the right result. In Murphy, the defendant asserted two affirmative seat belt defenses, one under a theory of mitigation of damages and the other under a theory of comparative negligence. The court granted the plaintiffs summary judgment on the mitigation of damages defense, but denied summary judgment on the comparative negligence defense.
It rejected the plaintiffs’ argument that subsection 10’s amendment was meant to return “the state of the law to the pre-Pasakamis era.” Rather, it accepted the defendant’s argument that the concept of mitigation of damages has simply been subsumed into the theory of comparative negligence, that negligence (and therefore comparative negligence) refers to both causation and damages, and that reading § 316.614(10) in the manner suggested by Plaintiffs is contrary to the intent of § 316.614 as well as inconsistent with accepted rules of statutory construction.
The court found “the Defendant’s interpretation of § 316.614(10) ... far more consistent with the intent of the statute than Plaintiffs’ reading of that subsection.” It concluded:
The law existing in this state since Pasa-kamis has been that mitigation of damages may be raised in defense of an injury claim in second collision or enhancement of injury cases. Section 316.614(10) does not undertake to change that existing law, but instead codifies the accepted legal doctrine, as stated in Parker v. Montgomery, 529 So.2d 1145 (Fla. [App.] 1st DCA1988), that the concept of mitigation of damages has been subsumed within the doctrine of comparative negligence. The concept of “negligence” has always included both causation and damages.
... Notably, the statute does not limit comparative negligence to accident causation only.
Meros, supra at 14 (footnotes omitted).
We agree with the reasoning propounded by the circuit court in Murphy, and again find that the trial court erred in failing to instruct the jury that violation of a traffic regulation prescribed by statute is evidence of negligence. We, therefore, deny the motion for rehearing. We are cognizant, however, of the confusion which surrounds the proper utilization of section 316.614(10), Florida Statutes, and, therefore, certify the following question to be one of great public importance:
IF EVIDENCE IS PRESENTED CONCERNING A VIOLATION OF SECTION 316.614, FLORIDA STATUTES, “THE FLORIDA SAFETY BELT LAW,” AND THERE IS EVIDENCE THAT THE VIOLATION CONTRIBUTED TO THE INJURIES SUFFERED BY THE PLAIN *917 TIFF, SHOULD FLORIDA STANDARD JURY INSTRUCTION 4.11 (VIOLATION OF TRAFFIC REGULATION AS EVIDENCE OF NEGLIGENCE) BE GIVEN?
MINER, J., concurs.
ERVIN, J., concurs and dissents with written opinion.

. Appellee contended during the oral argument that the requested instruction was withdrawn at some point by the defendant. The record does not reflect that the requested instruction was withdrawn, but rather there is an indication on the form that it was denied.

. The instruction read by the trial court was: “An additional question for your determination on the defense is whether some or all of Harold Ridley’s damages were caused by his failure to use a seat belt.
The motor vehicle occupied by Harold Ridley was equipped with an available and fully operational seat belt.
The issues for your determination on this question are whether the greater weight of the evidence shows that the motor vehicle occupied by Harold Ridley was equipped with an available and fully operational seat belt, that Harold Rid-ley did not use the seat belt, that a reasonably careful person would have done so under the circumstances, and that Harold Ridley's failure to use the seat belt produced or contributed substantially to producing the damages sustained by Harold Ridley”.

.There is no dispute in this case that the plaintiff's automobile was equipped with an available and fully operational seat belt.

. In Bulldog Leasing Co., v. Curtis, 630 So.2d 1060 (Fla. 1994), cert, denied, -U.Si-, 115 S.Ct. 141, 130 L.Ed.2d 82 (1994), the supreme court was reviewing a case which involved an accident which occurred prior to the time the Legislature amended the seat belt statute. The court noted that the statute specifically states that a violation of the statute is not negligence per se. We would, however, note that this language does not preclude an argument that violation of the statute can be considered as evidence of negligence.

. § 316.614(10), Fla.Stat.