FORST, J.
This case arises from an automobile accident involving a Florida Power <⅞ Light Company (“FPL”) truck and a car driven by Appellant Charles Botta, resulting in serious injury to his wife, Appellant Betty Botta. Following a jury verdict in favor of Appellants, wherein the jury found Mr. Botta neither partially nor wholly at fault for the accident, the trial court entered an order granting FPL’s motion for a new trial. We affirm the trial court’s order. However, because we recognize that the trial court’s order is unclear as to the scope of the new trial granted, we also write to clarify that the new trial should be on the issue of comparative liability only; the finding of FPL as liable, and the damages award, should not be disturbed.
Background
FPL responded to a power outage by deploying a technician to investigate. After parking his truck on the road, the technician did not set out any reflective warning markers or other devices in the roadway behind the truck. The testimony at trial was disputed with regards to whether the appropriate warning lights on the truck itself were active. The testimony was also disputed as to whether Mr. Botta had his headlights oh. It is undisputed that Mr. Botta collided with the parked FPL truck. Mr. Botta testified that he believed the truck to be moving rather than parked, and that he braked at the last minute; an individual who witnessed the accident testified that Mr. Bot-ta never braked. As a result of the accident, Mrs. Botta suffered severe injuries including the amputation of one arm.
..At trial, testimony from expert witnesses was introduced by both parties. Testimony was also introduced describing Mr. Botta’s poor eyesight; although further evidence revealed that Mr. Botta was never told that his vision problems should prevent him from driving.
The jury found FPL liable for the accident, found no comparative liability on the part of Mr. Botta, and awarded the Appellants a combined $1,350,000 in damages, FPL moved for- a new trial, based on six independent grounds. The trial court granted the motion, simply stating that “The jury’s finding of no negligence on the part of the Plaintiff, Charles Botta is contrary to the manifest weight of the evidence.”
Analysis
A. Judicial Discretion to Grant a New Trial
The standard to be applied by the trial court when considering granting a new trial, and the appellate standard of review, were described in great detail in Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). A trial court may order a new trial when the verdict is “against the manifest weight of the evidence.” Id. at 498. In reviewing the decision to grant a new trial, this Court “must recognize -the broad discretionary authority of the trial judge and-apply the reasonableness test to determine whether the-trial judge committed an abuse of discretion.” Id. at 497-98. If we determine “that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion.” Id. at 498.
Appellants argue that this Court should review the trial court’s determination based on a different standard. First, they argue that the law requires the evidence to be “elear[ly], obvious[ly] and- indisputably]” against the jury’s verdict in order for the- trial court to not have abused its discretion. Alternatively, they argue that *1225 “verdicts cannot be against the manifest weight of the evidence when the evidence is conflicting.” Finally,' they argue that the question is whether “the sole reasonable inference to be drawn from the evidence” is contrary to the jury’s verdict. None of these, however, reflect the actual standard of appellate review.
The “clear, obvious and indisputable” standard was specifically rejected by the Florida Supreme Court in Brown, where that court held that such a standard “is in express and direct conflict with [that] Court’s decisions in Cloud [v. Fallis, 110 So.2d 669 (Fla.1959) ] and its progeny.” Brown, 749 So.2d at 494. Similarly, the no-conflicting-evidence standard was rejected by Brown. See id. at 498 (“The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion [in ordering a new trial].”). Finally, the “sole reasonable inference” standard also goes too far afield of the standard set forth in Brown.' The question is not whether the jury acted unreasonably, but whether the jury acted against the manifest weight of the evidence. Although an unreasonable verdict would likely be against the manifest weight of the evidence, the reverse is not necessarily true.
Instead of the three options put forward by Appellants, we apply the standard the Florida Supreme Court has given to us: whether a reasonable person could believe that the trial judge was correct in determining that the manifest weight of the evidence supported a finding of some negligence, however small, on the part of Mr. Botta. Id. at 497-98. Although the evidence was conflicting on some points, it was undisputed that Mr. Botta collided with a large, parked vehicle. Given that fact, along with the other evidence introduced which the trial court was in a far superior position than we are to weigh and evaluate, we cannot say that no reasonable person would have concluded as the trial court did. See id. at 497 (quoting Smith v. Brown, 525 So.2d 868, 870 (Fla.1988) (making clear that the trial judge must consider the credibility of witnesses in determining whether the manifest weight of the evidence was contrary to the verdict)). We therefore affirm the trial court’s order granting a new trial.
B. Scope of the New Trial
The remaining question is what issues that new trial should cover. The trial court’s order does not specifically state what the new trial should be on, but the ground given'is simply that the finding of no negligence on the part of Mr. Botta was contrary to the manifest weight of the evidence. There is no mention of FPL’s negligence or the damages award.
Because “the reasons which produced the need for the new trial must be set forth in the order,” and because “[appellate review of a trial judge’s order granting a new trial is primarily limited to those grounds specified in the order,” we affirm the new trial" only to the extent grounds were provided. Wackenhut Corp. v. Canty, 359 So.2d 430, 434 (Fla.1978); Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361, 364 (Fla.1974). That is, only on the issue of Mr. Botta’s negligence.
We find Currie v. Palm Beach County, 578 So.2d 760 (Fla. 4th DCA 1991), distinguishable from this case for the same reason we found Currie distinguishable in Grief erv. DiPietro, 625 So.2d 1226 (Fla. 4th DCA 1993). In Currie, a new trial was required because evidence was improperly introduced that could have prejudiced the jury on all aspects of the trial. See Griefer, 625 So.2d at 1229 (describing the evidence in Currie). Here, the error complained of was the manifest weight of the *1226 evidence, not a problem with any particular piece of evidence. The jury may have acted contrary to the manifest weight of the evidence with regards to Mr. Botta’s negligence, but there is no indication in the record that they also acted contrary to the manifest weight of the evidence with regards to damages or to FPL’s liability (at least in part). In any case, FPL did not raise a manifest-weight argument related to those factors. We therefore hold that the new trial should be only on the issue found to have been erroneous: “[t]he jury’s finding of no negligence on the part of the Plaintiff, Charles Botta.”
Conclusion
“It is the role of the finder of fact, [here, the jury], to resolve conflicts in the evidence and to weigh the credibility of witnesses. Great deference is afforded the finder of fact because it has the first-hand opportunity to see and hear the witnesses testify.” Ferry v. Abrams, 679 So.2d 80, 81 (Fla. 5th DCA 1996). On the other hand, the judge that presided over the case similarly had such a first-hand opportunity; and “[t]he power of the trial judge to oi’der a new trial derives ... from the equitable concept that neither a wronged litigant nor society itself can afford to be without some means to remedy a palpable miscarriage of justice.” Ford v. Robinson, 403 So.2d 1379, 1382 (Fla. 4th DCA 1981).
Upon review of the record, and recognizing that the standard of review is “abuse of discretion,” we hold that the trial judge in the instant case did not act unreasonably in concluding that the manifest weight of the evidence supported a finding of at least some negligence on the part of Mr. Botta. We therefore affirm the order granting a new trial.
However, because that was the only ground provided by the trial court, we also clarify that we affirm the new trial only so far as it relates to Mr. Botta’s negligence and the comparative liability between Mr. Botta and FPL. The new trial will proceed as described in Shufflebarger v. Galloway, 668 So.2d 996, 998 (Fla. 3d DCA 1995). See Fla. Power & Light Co. v. Tursi, 729 So.2d 995, 998 (Fla. 4th DCA 1999) (adopting the Shufflebarger procedures).

Affirmed and remanded for further proceedings consistent with this opinion.

CIKLIN, C.J., and LEVINE, J., concur.